UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PHILLIPS,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER B. EASON,<br><br>    Defendant. | No.  2:24-cv-2295 CSK P<br><br>AMENDED SCREENING ORDER AND ORDER TO FILE RESPONSIVE PLEADING AFTER STAY OF THIS ACTION IS LIFTED |

    Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 13, 2024, this action was stayed pending referral of this case to the Post-Screening ADR Project.  (ECF No. 15.)  On December 6, 2024, defendant B. Eason filed an answer and noted that plaintiff also included a supplemental state law claim, which was not addressed in the initial screening order.  (ECF No. 16 at 1.)

    Plaintiff appended to his federal civil rights complaint a separate California form complaint directed to the San Joaquin County Superior Court.  (ECF No. 1 at 5-9.)  In this separate complaint, plaintiff alleges a motor vehicle personal injury cause of action against defendant Officer B. Eason, but also names the California Department of Corrections and Rehabilitation ("CDCR") as a defendant.  (Id.)  Plaintiff alleges that he complied with applicable claims statutes and appended a copy of the April 18, 2024 rejection of his claim presented to the California Department of General Services Government Claims Program.  (Id. at 6, 11.)

1    Under California law, in order to state a tort claim against a public entity or public
2 employee under state law, a plaintiff must allege compliance with the presentment of claims
3 requirements of the California Government Claims Act.  See Cal. Gov't Code §§ 945.4, 950.2;
4 Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens,
5 225 Cal. App. 3d 708, 718 (Ct. App. 1990).
6    Liberally construing and taking both complaints together, the Court finds that as to
7 defendant B. Eason, in addition to stating an Eighth Amendment claim of deliberate indifference
8 to plaintiff's safety under 42 U.S.C. § 1983, plaintiff also stated a potentially cognizable personal
9 injury claim under California law.  28 U.S.C. § 1367(a).  The State rejected plaintiff's claim on
10 April 18, 2024, and plaintiff filed this action on August 22, 2024.  Therefore, the Court finds
11 sufficient allegations that plaintiff timely filed the complaint within six months from the State's
12 rejection of plaintiff's claim.
13   However, as to plaintiff's putative state law claim against the CDCR, such defendant must
14 be dismissed.  Plaintiff cannot raise 42 U.S.C. § 1983 claims or state law claims against the
15 CDCR in federal court because of Eleventh Amendment sovereign immunity.  See Brooks v.
16 Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he
17 Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting
18 state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies
19 and departments as defendants, and applies whether the relief sought is legal or equitable in
20 nature"); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989) (holding that
21 states are not persons for purposes of § 1983).  The Ninth Circuit has explicitly held that
22 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign
23 immunity for supplemental state law claims."  Stanley v. Trustees of California State Univ., 433
24 F.3d 1129, 1133-34 (9th Cir. 2006).  Therefore, the CDCR must be dismissed.
25   However, because this action was stayed on November 13, 2024, defendant Eason's
26 obligation to file a responsive pleading to plaintiff's supplemental state law claim is deferred until
27 after the settlement conference has been held and the stay of this case is lifted.  If the case is not
28 settled, defendant Eason shall file a responsive pleading to the supplemental state law claim

within thirty days from the date the stay of this case is lifted. At that time, the Court will issue findings and recommendations on plaintiff's putative state law claim against the CDCR.

Accordingly, IT IS HEREBY ORDERED that:

1. This case proceeds on plaintiff's complaint (ECF No. 1) against defendant Correctional Officer B. Eason for violation of plaintiff's Eighth Amendment right to safety, as well as plaintiff's supplemental state law claim alleging personal injury.
2. Defendant Eason's obligation to file a responsive pleading, if appropriate following the settlement conference, is deferred until thirty days after the stay of this action is lifted.

Dated: December 11, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/phil2295.amd.scr

3