1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NICHOLAS PHILLIPS,                        No.  2:24-cv-2295 DJC CSK P

12              Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   OFFICER B. EASON, et al.,

15              Defendants.

16

17        Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to

18   42 U.S.C. § 1983.  In the California form complaint appended to his federal civil rights

19   complaint, plaintiff also named the California Department of Corrections and Rehabilitation

20   ("CDCR") as a defendant.  (ECF No. 1 at 5-9.)  In this complaint, plaintiff alleges a motor vehicle

21   personal injury cause of action against defendant Officer B. Eason and the CDCR.  (Id.)  Plaintiff

22   alleges that he complied with applicable claims statutes and appended a copy of the April 18,

23   2024 rejection of his claim presented to the California Department of General Services

24   Government Claims Program.  (Id. at 6, 11.)  By separate order, the Court screened plaintiff's

25   federal civil rights complaint and his supplemental state law claim against defendant B. Eason,

26   who filed an answer.  (ECF No. 16.)

27        As to plaintiff's putative state law claim against the CDCR, such defendant must be

28   dismissed.  Plaintiff cannot raise 42 U.S.C. § 1983 claims or state law claims against the CDCR

1

in federal court because of Eleventh Amendment sovereign immunity.  See Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).  The Ninth Circuit has explicitly held that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims."  Stanley v. Trustees of California State Univ., 433 F.3d 1129, 1133-34 (9th Cir. 2006).  Therefore, the CDCR must be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that defendant CDCR be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/phil2295.57

2