IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS PHILLIPS,**<br><br>             Plaintiff,<br><br>      v.<br><br>**OFFICER B. EASON,**<br><br>             Defendant. | 2:24-cv-2295 DJC CSK P<br><br><br>**ORDER** |

Plaintiff is a former state prisoner proceeding pro se. On August 29, 2025, counsel for defendant filed a motion to stay this case in light of defendant's death. (ECF No. 31.) As discussed below, defendant's motion to stay is denied without prejudice, defendant is directed to file a proof of service, and the pretrial motions deadline is vacated.

I.    GOVERNING RULES

When a party dies during the pendency of an action, Rule 25 of the Federal Rules of Civil Procedure addresses the substitution of parties. Fed. R. Civ. P. 25. Rule 25 provides that "[i]f a party dies, and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). Under California law, which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983, a cause of action against a person is generally not

1  extinguished by that person's death.  Cal. Civ. Proc. Code § 377.20(a); see Robertson v.
2  Wegmann, 436 U.S. 584, 590 (1978).
3        Under Rule 25(a)(1), a party must formally suggest the death of the party upon the record
4  and serve the nonparty representatives of the deceased party with the suggestion of death in the
5  manner provided in Federal Rule of Civil Procedure 4 for the service of a summons.  Barlow v.
6  Ground, 39 F.3d 231, 233 (9th Cir. 1994).  If the decedent's successor or representative does not
7  file a motion for substitution "within 90 days after service of a statement noting the death, the
8  action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a).
9        Under Rule 25(a)(3), a plaintiff may substitute the decedent's successor or representative if
10 the claims are not otherwise extinguished.  (Id.)  Such substitution must occur within ninety days
11 of:  (1) the filing of a suggestion of death on the record; and (2) the suggesting party's service of
12 "other parties and nonparty successors or representatives of the deceased with a suggestion of
13 death in the same manner as required for service of the motion to substitute."  Barlow, 39 F.3d at
14 233.  The ninety-day clock begins only once both steps are accomplished.  Gilmore v. Lockard,
15 936 F.3d 857, 865 (9th Cir. 2019).  The Ninth Circuit has emphasized that the burden of serving
16 or, at the very least, identifying the proper successor or representative lies with the suggesting
17 party.  Id. at 866-67.
18 II.   RULE 25 OBLIGATIONS
19       Counsel for defendant filed the notice of suggestion of death of defendant (ECF No. 30),
20 meeting the first step of the Rule 25 process.  However, counsel has not accomplished the second
21 step, which requires service of the notice of suggestion of death on the identified survivor of
22 defendant, Mrs. Eason, as required under Rule 4.  Because Mrs. Eason is a nonparty, service must
23 be accomplished as it would for the service of a summons.  See Fed. R. Civ. P. 4; Barlow, 39
24 F.3d at 233.  Because proof of service on Mrs. Eason has not yet been filed with the Court, the 90
25 day period for filing a motion for substitution has not yet been triggered.
26       In his declaration, defendant's counsel states he will serve defendant's successor-in-interest
27 a copy of defendant's notice of suggestion of death and a copy of the operative complaint.  (ECF
28 No. 31-1 at 2.)  Within thirty days from the date of this order, counsel for defendant shall file a

proof of service attesting to service of these documents on Mrs. Eason. Although the 90 day period has not yet been triggered, plaintiff is advised that the 90 day deadline for filing the motion for substitution, if any, will begin on the date Mrs. Eason is served with the notice of suggestion of death, which will be set forth within the proof of service to be filed by counsel for defendant. Plaintiff is cautioned that if he fails to file a motion for substitution within 90 days after Mrs. Eason is served with the notice, the Court will recommend dismissal of this action pursuant to Federal Rule of Civil Procedure 25(a)(1).

III.   MOTION FOR STAY

The Court has considered defendant's motion for stay, but does not find a stay of this action is appropriate because counsel is aware of the name and address of defendant's survivor (Mrs. Eason), and further documents need to be filed and addressed as required under Rule 25(a). Instead, the Court vacates the September 1, 2025 pretrial motions deadline. The deadline will be reset, if appropriate, following resolution of the issues governed by Rule 25.

IV.   ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, counsel for defendant shall file a proof of service attesting to service of a copy of the notice of suggestion of death and a copy of the operative complaint on defendant's surviving relative, Mrs. Eason.

2. Defendant's motion to stay (ECF No. 31) is denied without prejudice.

3. The September 1, 2025 pretrial motions deadline is vacated.

Dated: September 9, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/phil2295.25a