UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS PHILLIPS,

Plaintiff,

v.

OFFICER B. EASON,

Defendant.

No.  2:24-cv-2295 DJC CSK P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis.  As discussed below, this Court recommends that this action be dismissed based on plaintiff's failure to timely substitute a party for the sole remaining defendant in this action, Officer B. Eason, who died on July 11, 2025.

**I.      BACKGROUND**

Plaintiff filed this action on August 24, 2024.  On January 6, 2025, this Court issued a discovery and scheduling order.  (ECF No. 22.)  On April 3, 2025, the district court dismissed defendant California Department of Corrections and Rehabilitation.  (ECF No. 26.)  On July 7, 2025, the scheduling order was modified to extend the pretrial motions deadline to September 2, 2025.  (ECF No. 28.)  On August 4, 2025, plaintiff filed a notice of change of address reflecting his release from state custody.  (ECF No. 29.)

///

1

On August 29, 2025, counsel for defendant filed a notice of suggestion of death of defendant Eason, stating counsel was informed defendant B. Eason died on July 11, 2025, and confirmed counsel sent to plaintiff the name and address of defendant's surviving spouse, S. Eason. (ECF No. 30 at 1.) In addition, counsel sent S. Eason a copy of the operative complaint and the notice of suggestion of death. (Id.) The notice also informed plaintiff that he could file a motion for substitution of the proper party under Rule 25(a) of the Federal Rules of Civil Procedure, and that if the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. (Id. at 1-2.) On August 29, 2025, counsel for defendant also filed a motion for stay. (ECF No. 31.)

On September 9, 2025, the parties were informed of their obligations under Rule 25, and plaintiff was advised that he is required to file a motion for substitution within 90 days after Mrs. Eason is served with the notice of suggestion of death, and that his failure to do so would result in a recommendation that this action be dismissed under Rule 25(a)(1). (ECF No. 32 at 2-3.) The Court also denied defendant's motion for stay, but vacated the September 1, 2025 pretrial motions deadline. (Id. at 3.)

On September 22, 2025, counsel for defendant filed a proof of service confirming that S. Eason, surviving spouse of defendant, was personally served with the notice of suggestion of death of defendant on September 11, 2025. (ECF No. 33 at 2.)

On September 30, 2025, plaintiff filed a motion for substitution of party. (ECF No. 34.) On December 16, 2025, plaintiff's motion was denied because plaintiff failed to demonstrate he had personally served S. Eason, surviving spouse of defendant, with a copy of the motion for substitution. (ECF No. 35 (citing Fed. R. Civ. P. 25(a)(3)).)

**II.    GOVERNING RULES**

When a party dies during the pendency of an action, Rule 25 of the Federal Rules of Civil Procedure addresses the substitution of parties. Fed. R. Civ. P. 25. Rule 25 provides that "[i]f a party dies, and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). Under California law, which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983, a cause of action against a person is generally not

2

extinguished by that person's death.  Cal. Civ. Proc. Code § 377.20(a); see Robertson v. Wegmann, 436 U.S. 584, 590 (1978).

Under Rule 25(a)(1), a party must formally suggest the death of the party upon the record and serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons.  Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).  If the motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).

**III.    DISCUSSION**

Plaintiff was advised on December 16, 2025 that his motion for substitution must be personally served on S. Eason.  In addition, plaintiff has been informed on multiple occasions that the motion for substitution of a party must be filed within 90 days after service of the statement noting the death of defendant, as required by Rule 25(a)(3).  (ECF Nos. 32, 35.)  Despite these admonitions, plaintiff has not rectified the omission from his initial motion for substitution, and has not renewed his motion for substitution that included a proof of service confirming personal service on S. Eason.  Therefore, this Court finds that this action should be dismissed based on plaintiff's failure to comply with Rule 25(a).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.  See Fed. R. Civ. P. 25(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

///

3

Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 14, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/phil2295.R25